FILED
United States Court of Appeals
Tenth Circuit

December 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ZACHARY MARNER,

      Plaintiff - Appellant,

and

M.M.; N.M.,

      Plaintiffs,

v.

CITY OF AURORA, a municipality;
DANIEL J. OATES; STEVEN T.
EVANS; MICHAEL QUIRK; JEFF
LINDSEY; STATE OF COLORADO;
CITY AND COUNTY OF DENVER,
COLORADO; TERRY JONES;
MARTIN F. EGELHOFF; ANNA
LOKSHINA; KIM CORAZZA; DAVID
A. GILL; MICHAEL HANCOCK;
ELLEN GOLOMBEK,

      Defendants - Appellees.

No. 15-1335
(D. Colorado)
(D.C. No. 1:15-CV-00991-LTB)

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.

Zachary Marner, proceeding pro se, seeks review of the dismissal of his seven-count amended complaint, which sought relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights and of his rights under the Fair Credit Reporting Act, the Fair Debt Collections Practices Act, and the Civil Rights Act of 1964. The District Court for the District of Colorado sua sponte dismissed the amended complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.[1]

We apply the same standard of review to dismissals under § 1915(e)(2) that we apply to dismissals under Fed. R. Civ. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). We review de novo, *see id.*, and "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1218 (internal quotation marks omitted). "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level." *Id.* (brackets and internal quotation marks omitted).

Mr. Marner's brief on appeal is short on both the law and the facts (as alleged in his complaint). But we do our best to determine what he is arguing, keeping in mind our

---

[1] The district court also dismissed the amended complaint under 28 U.S.C. § 1915A. But that statute provides for the screening of only complaints filed by prisoners, and there is no evidence in the record that Mr. Marner was a prisoner at any time during this litigation.

duty to construe pro se pleadings liberally. *See Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). We discern six arguments on appeal. None has merit.

First, Mr. Marner appeals the dismissal of his First Amendment claim, which is based on the allegation that an Aurora police officer told him he would be placed under arrest if "he didn't shut up." R., Vol. 2 at 6 (Am. Compl. at 21, *Marner v. Lokshina*, No. 1:15-cv-00991-LTB (D. Colo. July 7, 2015)). The district court incorrectly relied on precedents relating to prisoners in dismissing this claim. But its conclusion was correct. The First Amendment claim is inadequate because Mr. Marner failed to allege that his speech was altered or deterred by the officer's threat. *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1182–84 (10th Cir. 2010).

Second, Mr. Marner claims a violation of his Fourth Amendment rights because Aurora police officers wrongfully searched one vehicle and impounded another. But he alleges only that he was a passenger in the first one and that the other was his parents'. Absent the requisite ownership or possessory interest in either vehicle, Mr. Marner has no Fourth Amendment claim. *See United States v. Mosley*, 743 F.3d 1317, 1322–23 (10th Cir. 2014). He also claims that he was wrongfully arrested on a warrant based on a false accusation by a private citizen. But he fails to allege that the officers knew the accusation was false or that there was not probable cause for the warrant. *See Franks v. Delaware*, 438 U.S. 154, 171–72 (1978).

Third, Mr. Marner appeals the dismissal of his Sixth Amendment claim that the defendants denied him a fair trial, an attorney, and a change of venue in his state criminal

3

trial. For the first time on appeal he further alleges that the defendants failed to process his appeal. The district court correctly concluded that this claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because a judgment for damages would necessarily imply the invalidity of his criminal conviction, which has not been invalidated.

Fourth, Mr. Marner appeals the dismissal of his Fourteenth Amendment claim that he was treated differently from others in various ways. But he failed to allege facts showing that the others were similarly situated to him. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

Fifth, Mr. Marner argues in his appellate brief that Aurora police officers failed to read him his *Miranda* rights. But he does not allege a *Miranda* claim in his amended complaint. And the officer's alleged failure to read *Miranda* warnings would not in itself violate his constitutional rights. *See Chavez v. Martinez*, 538 U.S. 760, 772–73, 777–79 (2003).

Finally, Mr. Marner complains of the dismissal of his § 1983 claim based on alleged defamation when various defendants published an article incorrectly stating that he was part of a criminal enterprise. But, as pointed out by the district court, injury to reputation is not a deprivation of a constitutionally protected property or liberty right. *See Paul v. Davis*, 424 U.S. 693, 712 (1976).

4

We AFFIRM the judgment below but GRANT the motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge